HUBBARD P. ROSS *vs.* JAMES GERRISH.

In an action against an attorney at law to recover money collected in a suit in favor of the plaintiff, an answer which admits the collection of the money but avers that the plaintiff was only a nominal party to the suit, although it admits a *prima facie* case for the plaintiff, still leaves upon him the burden of proof to establish upon all the evidence his right to recover.

CONTRACT against an attorney at law, to recover money collected in a suit in favor of the plaintiff. The answer admitted the collection of the money, but averred that the plaintiff was only a nominal party to the suit in which it was recovered, and that the suit was in fact prosecuted for the benefit of Alfred Pollard, to whom the note which was the subject of the suit belonged. At the trial in the superior court, *Morton,* J. instructed the jury that the plaintiff must satisfy them by a preponderance of evidence that the defendant received the money for him, and that, although the answer admitted a *prima facie* case for the plaintiff, it did not change the burden of proof. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*G. M. Brooks*, for the plaintiff.

*T. H. Sweetser*, ( *W. S. Gardner* with him,) for the defendant.

METCALF, J. The defendant's admission, in his answer, that he received the money sued for, did not relieve the plaintiff from the burden of proving that the money belonged to him. The issue was on the question whether the money belonged to the plaintiff or to Alfred Pollard. The defendant's answer doubtless admitted a *prima facie* case for the plaintiff, but did not shift the burden of proof which was previously on him. The instruction given to the jury was therefore correct. *Powers* v.

*Russell,* 13 Pick. 76. *Morrison* v. *Clark,* 7 Cush. 214, 215.
*Central Bridge Corp.* v. *Butler,* 2 Gray, 131, 132.

                                   *Exceptions overruled.*